# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| PERCELL F. GREEN, ET AL. | * | CIVIL ACTION NO.  18-0888 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| BP AMERICA PRODUCTION COMPANY, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 9] filed by plaintiff Percell F. Green, Jr.  The motion is opposed.  For reasons explained below, it is recommended that the motion to remand be DENIED, and that the following claims be dismissed, without prejudice:  1) plaintiff's claims brought as relator on behalf of the State of Louisiana and the Commissioner of Conservation; and 2) plaintiff's individual capacity claims against Rowe, Inc.; Bethlan Production Corporation; Caldwell Drilling Company, Inc.; and Claxton Mayo.

## Background

On February 23, 2018, Percell F. Green, Jr. filed the instant oilfield contamination suit individually, and as relator on behalf of the State of Louisiana and the Commissioner of Conservation, in the 5th Judicial District Court for the Parish of Richland, State of Louisiana against seven defendants arising out of decades-long oil and gas exploration and production activities conducted on plaintiff's property by defendants and/or their predecessors in title.  Made defendants were:  BP Production Company ("BP"); Total Petrochemicals & Refining USA, Inc. ("Total"); ConocoPhillips Company ("ConocoPhillips"); Rowe, Inc. ("Rowe"); Bethlan Production Corporation ("Bethlan"); Caldwell Drilling Company, Inc. ("Caldwell"); and Claxton

Mayo.  On May 22, 2018, plaintiff amended his complaint to dismiss BP as a defendant.  (Pl. 1st Suppl. & Amend. Petition).

On July 7, 2018, defendant, ConocoPhillips, removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).[1]  Plaintiff is a Louisiana domiciliary.  (Petition, ¶ 1).[2]  ConocoPhillips and Total are both Delaware corporations, with their principal places of business in Texas.  (Notice of Removal, §§ 2(C)(1) & (2).  The three remaining defendant-entities (Rowe, Bethlan, and Caldwell) are Louisiana corporations, and the lone individual defendant, Mayo, is a Louisiana domiciliary.  *Id.*, §§ II(C)(3).  To overcome the patent lack of diversity between the plaintiff and the four Louisiana defendants, ConocoPhillips argued in its notice of removal that plaintiff has no reasonable possibility of recovery against them, and therefore, they were improperly joined in an attempt to defeat federal subject matter and removal jurisdiction.  *See* Notice of Removal.

Plaintiff disagrees with ConocoPhillips' assessment of his claims against the Louisiana defendants, and on August 6, 2018, filed the instant motion to remand the case to state court on the following grounds:  1) removal was procedurally defective because it did not include the

---

[1]  Co-defendant, Total, contemporaneously consented to the removal.  (Notice of Removal, Exh. B).

[2]  Insofar as plaintiff also endeavored to bring suit in the name of the State of Louisiana and/or the Commissioner of Conservation, he lacks statutory authority to do so, and the State and the Commissioner are not proper parties to this litigation.  *See Watson v. Arkoma Dev., LLC*, No. 17-1331, 2018 WL 1311208, at *2 (W.D. La. Feb. 5, 2018), R&R adopted, 2018 WL 1311177 (W.D. La. Mar. 13, 2018).  Thus, the claims brought on behalf of the State and the Commissioner are improperly joined, and subject to dismissal.  *See Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp.2d 502, 508 (W.D. La. 2001) (citing several sources) ("improper joinder" doctrine may be applied to the alleged improper joinder of a plaintiff); *Kitchens v. Ford Motor Co.*, No. 13-2446, 2014 WL 130337, at *2 (W.D. La. Jan. 14, 2014) (non-viable representative capacity claim subject to dismissal).

2

consent of properly joined and served defendants (Bethlan, Rowe, and Mayo); 2) the notice of removal was procedurally defective because it did not properly allege citizenship for four of the six defendants (the Louisiana defendants); and 3) the court lacked subject matter jurisdiction because the parties were not completely diverse, and ConocoPhillips concomitantly failed to prove that the non-diverse defendants were improperly joined.

On August 28, 2018, ConocoPhillips filed its opposition to the motion to remand in which it maintained that the non-diverse, in-state defendants were improperly joined, and therefore, their presence should be disregarded for purposes of diversity and removal jurisdiction. [doc. # 11]. Plaintiff filed a reply brief in support of remand on September 4, 2018. [doc. # 12]. Removing defendant filed a sur-reply on September 11, 2018. [doc. # 15]. The matter is ripe.

<u>Discussion</u>

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id.* Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

I.    **Unanimity**

It has long been the rule in the Fifth Circuit, that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day

period set forth in 28 U.S.C. § 1446(b).  *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996)

(citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir.

1988))*.*  Failure to do so, renders the removal defective.  *Getty Oil*, 841 F.2d at 1263.  While each

defendant need not sign the notice of removal, there must be "some timely filed written

indication from each served defendant, or from some person or entity purporting to formally act

on its behalf in this respect and to have the authority to do so, that it has actually consented to

such action."  *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), codified

the foregoing principles, as follows, "[w]hen a civil action is removed solely under section

1441(a), all defendants who have been properly joined and served must join in or consent to the

removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Here, ConocoPhillips plainly effected

removal solely under § 1441(a).  (Notice of Removal, § I(A)).  Therefore, all properly served and

joined defendants were required to timely consent to removal herein.

Plaintiff contends that remand is required because defendants Bethlan, Rowe, and Mayo

were served on June 8, 2018, but failed to join in or timely consent to removal.  However, a

removing party need not obtain the consent of a co-defendant that the removing party contends is

improperly joined. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir.2007) (citing *Jernigan v. Ashland

Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993)).  Moreover, the removing defendant need not even

explain the absence of consent in its notice of removal when it contends that the other defendants

are improperly joined.  *Jernigan, supra*.

Here, of course, ConocoPhillips maintains that the four Louisiana defendants were

improperly joined such that their presence may be disregarded – not only for purposes of

diversity jurisdiction, but also for purposes of complying with the procedural requirements of

removal, including unanimity.  Therefore, plaintiff's argument(s) directed towards the alleged defect in the removal process, in effect, is subsumed within the court's improper joinder analysis below.

## II.    Subject Matter Jurisdiction

ConocoPhillips invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332(a).  In his motion to remand, plaintiff stipulated that the amount in controversy exceeded $75,000.  More importantly, however, the court finds that it is facially apparent that the claimed damages exceeded $75,000 at the time of removal.  *See* Notice of Removal, § II(A).  Therefore, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990).  Removing defendant contends that the court need not consider the citizenship for the four Louisiana defendants because they were not properly served and/or joined as defendants.  However, the fact that a defendant was not served does not mean that its citizenship may be ignored.  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998).  Rather, "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."  *Id*.  (citations omitted).  Thus, the sole inquiry, at least for purposes of subject matter jurisdiction, is whether the non-diverse defendants were properly joined.

To disregard the citizenship of the four non-diverse defendants, ConocoPhillips must

establish that they were but nominal defendants/improperly joined. "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005). Moreover, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citation omitted). The focus of the improper joinder inquiry must be "on the joinder, not the merits of the plaintiff's case." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood, supra* (citing *Travis v. Irby*, 326 F.3d 644, 646-647 (5th Cir.2003)). In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.[3] Thus, "[a] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." *Id*. (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4. (5th Cir.2000)).

---

[3] In so settling on the phrasing of the proof required of removing defendants to establish improper joinder, the Fifth Circuit, sitting en banc, expressly rejected all other formulations, whether they appeared to describe the same standard or not. *Id*. Indeed, the Fifth Circuit's *Smallwood* opinion is *the* authoritative source of this circuit's improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir.2016) ("*IEVM*") (citation omitted). Accordingly, the court cannot give effect to plaintiff's argument premised upon decisions by other Fifth Circuit panels that purport to construe the improper joinder test to require proof that plaintiff is unable to establish a *cause of action* against the non-diverse defendant. *See e.g., McDonal, supra*.

6

The court may resolve this issue in one of two ways:  1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed.R.Civ.P. 12(b)(6) analysis);[4] or 2) in the few cases where plaintiffs have stated a claim, but have misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry.  *Smallwood*, *supra*.  However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id*.[5]  In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff.  *Travis*, *supra*.  Any contested issues of fact and ambiguities of state law must be resolved in favor of remand.  *Id*.  If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required.  *Id*.  The existence of even a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court.  *Allen v. Walmart Stores, L.L.C.*, ____ F.3d ____, 2018 WL 4998231, at *7 (5th Cir. Oct. 16, 2018) (citation omitted).

In its opposition to remand, ConocoPhillips argued that plaintiff has no reasonable possibility of recovery against the three Louisiana corporations because they remain defunct entities with no assets.  ConocoPhillips further argued that plaintiff's petition failed to state a claim for relief against Claxton Mayo, but that even if it did, plaintiff still had no reasonable possibility of recovery against him because uncontroverted evidence establishes that another

---

[4]  To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[5]  In other words, facts that can be easily disproved if not true.  *Id.*

7

entity, Mayo, Inc., actually drilled or completed the well in question, rather than Claxton Mayo, in his individual capacity. The court first will address plaintiff's claims against the Louisiana corporations before turning to the claim against Mayo.[6]

a)      The Louisiana Corporations

ConocoPhillips maintains that the three non-diverse defendant-corporations are inactive and no longer extant, which precludes any reasonable possibility that plaintiff will be able to recover against them. The legal status of a corporation is governed by state law. *Vill. of Montpelier v. Riche, Chenevert & Andress Const. Co., Inc.*, 43 B.R. 736, 738 (M.D. La.1984) (citing *inter alia*, *Gould v. Brick*, 358 F.2d 437 (5th Cir.1966). The courts are split on whether a plaintiff has a reasonable possibility of recovery against an inactive corporation. For example, in *Beall v. Conoco Phillips Co.*, the court found that an inactive corporation was not improperly joined where removing defendant offered no evidence that the corporation had been dissolved, and where there were questions surrounding how the business came to an end. *Beall v. Conoco Phillips Co.*, No. 08-0289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008). The court further noted that revocation of a corporation's articles of incorporation did not affect any cause of action against the corporation. *Id.* (citing La. R.S. 12:163(G)).

Conversely, in *Weinstein v. Conoco Phillips*, the court held that plaintiff had no reasonable possibility of recovery against a corporation that had had its charter revoked for failure to file required annual reports. *Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918, at *1 (W.D. La. Mar. 5, 2014). In *Weinstein*, ConocoPhillips adduced evidence that the

---

[6] A court may choose either of the two analyses for improper joinder, but must use one and only one of them, not neither or both. *IEVM*, 818 F.3d at 207-208. Here, the court will conduct the improper joinder analysis by piercing the pleadings.

corporation had ceased operations some 24 years earlier, that it owned no property, had no office,
no business records, assets, or employees, and its principals were deceased. *Id.* The court was
satisfied that the corporation had no existence of any kind, and that its joinder constituted no
more than a "mere theoretical possibility," which did not preclude a finding of improper joinder.
*Id.*[7]

This court recently had occasion to consider whether a plaintiff enjoys a reasonable
possibility of recovery against defunct corporations. In *Locust Ridge Plantation, L.L.C. v. Adco
Producing Co., Inc.*, the undersigned found that removing defendants had not established that
inactive Louisiana corporations were improperly joined where there was no evidence regarding
assets, property, employees, an office, or the like, and where less than three years had elapsed
since the date that one of the corporations had *voluntarily* dissolved. *Locust Ridge Plantation,
L.L.C. v. Adco Producing Co., Inc.*, No. 17-0746, 2017 WL 6045967 (W.D. La. Oct. 11, 2017),
R&R adopted, 2017 WL 6045454 (W.D. La. Dec. 5, 2017). In *Gibson v. BP America
Production, Co.*, the undersigned again found that removing defendant had not met its burden to
establish improper joinder where it did not adduce evidence to establish that the non-diverse
corporations owned no property, had no assets, no employees, and the like. *Gibson v. BP Am.
Prod. Co.*, No. 17-1439, 2018 WL 914054, at *3 (W.D. La. Jan. 30, 2018), R&R adopted 2018
WL 912277 (W.D. La. Feb. 15, 2018).

In the case *sub judice*, however, ConocoPhillips has submitted evidence to establish that

---

[7] Relying on *Weinstein*, Magistrate Judge Kay reached the same result in *Morgan
Plantation, Inc. v. Tennessee Gas Pipeline Co., LLC*, No. 16-1620, 2017 WL 1180995, at *2
(W.D. La. Feb. 8, 2017), R&R adopted, 2017 WL 1181512 (W.D. La. Mar. 28, 2017); *see also
Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136 (M.D. La. Feb. 25, 2015) (relying
on *Weinstein* to find that there was no reasonable possibility of recovery against a defunct
corporation).

plaintiff possesses no more than a theoretical possibility of recovery against the non-diverse corporations.  The circumstances of each corporation's defunct status is recited below.

1)    <u>Bethlan</u>

Bethlan was incorporated in Louisiana in 1979, filed its last report with the Louisiana Secretary of State in 1984, and had its corporate status revoked in 1990 for failure to file an annual report for three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. C). Furthermore, several wells once operated by Bethlan, but which are not associated with this lawsuit, were entered into the Louisiana Oilfield Site Restoration ("OSR") Program in 1995. (La. Regstr., Vol. 21, No.1; Notice of Removal, Exh. D).

2)    <u>Rowe</u>

Rowe was incorporated in Louisiana in 1982, filed its last report with the Secretary of State in 1991, and had its corporate status revoked in 1998 for failure to file an annual report for three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. F).  In addition, wells once operated by Rowe were declared orphaned in 2000.  (La. Regstr., Vol. 20, No. 1; Notice of Removal, Exh. G).

3)    <u>Caldwell</u>

Caldwell was incorporated in Louisiana in 1935, but never filed an annual report and had its corporate status revoked in 1982 for failure to file an annual report for three consecutive years.  (Secy. of State Docs; Notice of Removal, Exh. E).  Moreover, Article VII of Caldwell's charter provided that it "shall have corporate existence and duration under this act of incorporation for a period of Twenty Five (25) years, unless sooner dissolved . . ."  *Id*.  Thus by the terms of its charter, the corporation dissolved no later than 1960.

Upon consideration, the court finds that Bethlan and Rowe's inclusion in the OSR

program constitutes evidence that no responsible party could be located for these corporations, that they were failed entities, and/or that they were financially unable to participate in oilfield cleanup operations.[8]  In other words, this uncontroverted evidence suffices to establish that these corporations no longer have an office or presence of any kind, no assets, employees, officers, or directors, or evidence of business activity since the date that their corporate status was revoked. Moreover, by the terms of its charter, Caldwell voluntarily dissolved more than 57 years ago. Defendant's evidence aligns this case with the decisions reached in *Weinstein*, *Morgan Plantation*, and *Ashley*.

Furthermore, the Louisiana Secretary of State revoked the articles of incorporation for all three of the Louisiana corporations at least 20 years before this suit was filed.  Under the law as it existed at that time,[9] a corporation could apply for reinstatement of its articles of incorporation within three years from the effective date of the revocation.  *See* former La. R.S. 163(E)(1)(c).

Although revocation of a corporation's articles of incorporation does not affect any cause of action against the corporation,[10] in the absence of the corporation's reinstatement, any action brought against the terminated corporation must be brought against a liquidator appointed in

---

[8]  Pursuant to the OSR, the assistant secretary for the Office of Conservation may declare an oilfield site to be orphaned only upon a finding that "[n]o responsible party can be located, or such party has failed or is financially unable to undertake actions ordered by the assistant secretary . . ." La. R.S. § 30:91(A)(1).

[9]  In 2015, the Louisiana legislature repealed the Business Corporation Law, Louisiana Revised Statute §§ 12:1 et seq., and replaced it with the Business Corporation Act, Louisiana Revised Statute §§ 12:1-101 et seq., modeled after the Model Business Corporation Act.  The repeal and replace was made effective January 1, 2015.  Accordingly, the Business Corporation Law applies where, as here, the Secretary of State revoked a corporation's articles of incorporation prior to the effective date of the Business Corporation Act.  *See In re Krebs Lasalle Lemieux Consultants, Inc.*, 215 So. 3d 939, 941 (La. App. 5th Cir. 2017).

[10]  *See* La. R. S. § 12:163(G) and La. R.S. § 12:1-1443(C).

accordance with Louisiana Revised Statute 12:1-1445.  *See* La. R.S. §§ 12:1-1443(E) and former 12:143(G).  Given the expiration of time for reinstatement of the corporations, any claims against the defunct corporations were required to be brought against a liquidator(s).[11]  Plaintiff did not seek appointment of a liquidator(s) prior to filing suit.  Regardless, the *involuntarily*[12] terminated and un-reinstated corporations are not proper parties to this suit.

      b)    <u>Claxton Mayo</u>

Plaintiff's petition included no specific allegations against Claxton Mayo.  *See* Petition. Plaintiff later clarified in his brief that Claxton Mayo drilled and completed well serial number 157517 in 1977.  (M/Remand Memo., pg. 17).  In response to plaintiff's motion, however, ConocoPhillips adduced uncontroverted evidence to establish that it was Mayo Inc. that drilled or completed well number 157517, not Claxton Mayo, in his individual capacity.  (Def. Opp. Memo., Exh. A).  Accordingly, plaintiff has no reasonable possibility of recovery against Claxton Mayo personally.

The court concludes that removing defendant has established that plaintiff has no reasonable possibility of recovery against the non-diverse, in-state defendants, and consequently, they remain but nominal parties whose presence must be disregarded for purposes of subject matter and removal jurisdiction.[13]  Having determined that plaintiff improperly joined the

---

[11]  This situation is distinct from a corporation that has been voluntarily dissolved by its own board and/or shareholders. *Contrast Locust Ridge Plantation, supra*.  A voluntarily dissolved, but unterminated corporation remains a proper party defendant.  *See* La. R.S. § 12:1-1405(E).

[12]  Pursuant to its charter, Caldwell voluntarily dissolved, and then the Secretary of State later revoked its corporate status.

[13]  Plaintiff argues that if he were to succeed in obtaining a judgment against a defunct or terminated corporation, then he could look to any insurer of the corporation for payment. However, where, as here, plaintiff is unable to serve the insureds, *or* if the insureds are insolvent,

Louisiana defendants, Rowe, Bethlan, Caldwell, and Mayo, the court necessarily lacks subject matter jurisdiction to entertain the suit against them, thereby requiring their dismissal, without prejudice. *IEVM, supra* ("the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal without prejudice in every instance.").[14]

The remaining parties are completely diverse, with no forum-domiciled defendant, and with both properly served and joined defendants' having timely joined in, or consented to removal. Accordingly, the court may exercise subject matter and removal jurisdiction. 28 U.S.C. §§ 1332 and 1441.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 9] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's claims against Rowe, Inc.; Bethlan Production Corporation; Caldwell Drilling Company, Inc.; and Claxton Mayo, be DISMISSED, without prejudice.

IT IS FURTHER RECOMMENDED that plaintiff's claims brought as relators on behalf of the State of Louisiana and the Commissioner of Conservation be DISMISSED, without prejudice, in their entirety.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties

---

then he may proceed against the insurers directly. *See* La. R.S. § 22:1269. If, and when plaintiff obtains the identities of any companies that insured the defunct entities, then he may seek to amend his complaint to join them as defendants. Of course, if permitted, the joinder likely would destroy federal diversity jurisdiction and compel remand. *See* 28 U.S.C. § 1332(c)(1)(A).

[14] Of course, "[a]s the claim or claims against the nondiverse defendant[s] must be dismissed without prejudice, the plaintiff is not barred by *res judicata* from refiling those claims in state court if he so desires." *IEVM*, 818 F.3d at 202 n.25.

have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 26th day of October 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE